## BURNS v. SENNETT et al.

### S. F. No. 31; May 15, 1896.

#### 44 Pac. 1068.

**Fellow-servants.—The Slingman of a Stevedore's Crew** employed to load a vessel, whose duty it is to stand on the wharf and attach the hoisting tackle to the articles to be loaded, is a fellow-servant of the riggers, whose duty it is to set up and rig the hoisting apparatus to the vessel.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by Patrick Burns against Sennett & Miller for personal injuries. From a judgment of nonsuit plaintiff appeals. Affirmed.

Mullany, Grant & Cushing for appellant; Mastick, Belcher & Mastick for respondents.

PER CURIAM.—This is an appeal from a judgment of nonsuit entered upon the conclusion of the hearing of plaintiff's testimony. All of the evidence is presented by bill of exceptions. Upon the former appeal in this case (Burns v. Sennett, 99 Cal. 363, 33 Pac. 916), it was held that, under the evidence before the court, the duty of defendants was

fulfilled when they furnished to the employees suitable material and appliance for the construction and support of the hoisting tackle. As the task of setting up or rigging these appliances and of safely maintaining them was a part of the duty of plaintiff's fellow-employees, the defendants were not liable to plaintiff for injuries which might have resulted to him from a negligent performance of that duty. These propositions are not here questioned. But it is strenuously insisted that the evidence adduced upon the new trial presents a different state of facts, and establishes that the riggers of the vessel were not fellow-servants of the injured man. A most careful examination of the testimony fails to support this claim. It would be profitless to set forth at length the explanations of the different witnesses, but the following brief quotation from the testimony of plaintiff serves as a fair illustration of all: "The foreman of the stevedore firm hires a gang of men, and takes them on board the ship. He directs four or five to go up and rig the vessel—the gear—and just as soon as the gearing is finished we all start to work. That is the usual practice." In view of this evidence and of the opinion upon the former appeal, where the questions are elaborately considered, the judgment is affirmed.